{¶ 33} I concur with the majority that the trial court failed to make the requisite findings upon the record sufficient to justify the consecutive sentence imposed upon appellant and that this matter should be remanded for resentencing. However, I dissent from the finding of the majority that felonious assault (no person shall knowingly cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordnance) as it relates to victim Sarah Andrew, and attempted murder (no person shall purposely cause or attempt to cause the death of another) as it relates to the same shooting of Sarah Andrew, are not allied offenses of similar import.
 {¶ 34} In this case, the two charges are indistinguishable: they involve identical conduct, identical evidence, derive from the same transaction, point toward a single objective and involve a single discrete animus. In committing the felonious assault upon Sarah Andrew, appellant, by definition, committed attempted murder upon her as well.
 {¶ 35} Thus, I would hold that upon resentencing, the trial court should consider the felonious assault upon Sarah Andrew and the attempted murder upon her as allied offenses of similar import, and that while appellant may be found guilty of both charges, he can be sentenced upon only one.